UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CRAMNARAINE RAMNARAINE,**

      **Plaintiff,**

**v.**           Case No:   6:15-cv-710-Orl-22GJK

**SUPER TRANSPORTATION OF
FLORIDA, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   *SECOND* **RENEWED JOINT MOTION FOR JUDICIAL APPROVAL OF FLSA SETTLEMENT (Doc. No. 27)**
>
> **FILED:**   **January 25, 2016**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

**I.**   **BACKGROUND.**

On May 4, 2015, Cramnaraine Ramnaraine (the "Plaintiff") filed a complaint (the "Complaint") against Transdev Services, Inc. (the "Transdev") alleging violation of the overtime wage provision of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207. Doc. No. 1. Plaintiff alleges he was employed by Transdev as a bus driver from January of 2014 through December of 2014, and that Transdev failed to pay him overtime wages. *Id*. at 2-3. On June 19, 2015, Super Transportation of Florida LLC ("STOF") filed an answer and affirmative defenses

- 2 -

(the "Answer") to the Complaint. Doc. No. 11. In its Answer, STOF noted Plaintiff incorrectly named Transdev as his former employer, and that STOF was Plaintiff's former employer. *Id*. at 1 n.1. Accordingly, STOF explained that it filed the "Answer with the assumption that all references in the Complaint to 'Transdev Services, Inc.' and/or 'Defendant' were intended to refer to Plaintiff's actual employer, Super Transportation of Florida, LLC." *Id*. In its Answer, STOF asserted, among other defenses, Plaintiff was "not entitled to overtime compensation because he was exempt under the Federal Motor Carrier Act." *Id*. at 3.[1] On December 28, 2015, the Court entered an order substituting STOF as the sole defendant in this action. Doc. No. 24. On January 25, 2016, the parties filed a Second Renewed Joint Motion for Judicial Approval of FLSA Settlement (the "Motion"). Doc. No. 27. In the Motion, the parties request that Court approve their Confidential Settlement Agreement and General Release (the "Agreement") as a fair and reasonable resolution of Plaintiff's FLSA claims and to dismiss the case with prejudice. Doc. No. 27 at 4.

For the reasons that follow, the undersigned recommends that the Court enter an order granting in part and denying in part the Motion.

**II.    LAW.**

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their

---

[1] Transdev has not made an appearance in this action.

>employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id*.; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id*. at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

>(1) the existence of collusion behind the settlement;
>(2) the complexity, expense, and likely duration of the litigation;
>(3) the stage of the proceedings and the amount of discovery completed;
>(4) the probability of plaintiff's success on the merits;
>(5) the range of possible recovery; and
>(6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See*

*Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D. Fla. 2008).

*Id*. at 351-52.[3] In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

the plaintiff and his or her counsel, or otherwise. *Id*. When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[4] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[5] It is the Court's responsibility to ensure that any such allocation is reasonable. *See Silva*, 307 F. App'x at 351-52. In doing so, the Court uses the lodestar method for guidance. *See Comstock v. Fla. Metal Recycling, LLC*, 2009 WL 1586604, at *2 (S.D. Fla. June 5, 2009). As the Court interprets the *Lynn's Food* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

## III.   ANALYSIS.

### A. Settlement of Plaintiff's FLSA Claims.

This case involves disputed issues of coverage and liability under the FLSA, which constitutes a bona fide dispute. Doc. Nos. 1; 11; 18; 27 at 1-4. The parties are represented by independent counsel who are obligated to vigorously represent their clients. *Id*. Initially, Plaintiff claimed he was owed $6,144.00 in unpaid overtime wages, "excluding liquidated damages, fees and costs. Doc. No. 18 at 2. The parties agreed to settle this matter to avoid the

---

[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

risks associated with Plaintiff's claims. Doc. No. 27 at 3. Defendant asserted that Plaintiff, as a bus driver, was exempt from the overtime provisions of the FLSA under the Motor Carrier Act exemption, 29 U.S.C. § 213(b)(1). *Id*. In the Agreement, Plaintiff also states that he agreed to settle his claims to avoid the risk of having to pay the Defendant's costs if Plaintiff failed to prevail on his claims. Doc. No. 27-1 at 3 ¶ 5.

Under the Agreement, in exchange for a general release of all claims, a non-disparagement agreement, and a confidentiality provision, Plaintiff has agreed to accept a total settlement amount of $7,600.00, representing $3,072.00 in unpaid wages, $3,072.00 in liquidated damages, $100.00 for consideration of Plaintiff's acceptance of the general release, and $1,356.00 in attorneys' fees and costs. Doc. No. 27-1 at 1-2. After reviewing the Motion, including the Plaintiff's desire to avoid the risk associated with Defendant's assertion of the Motor Carrier Act exemption, the undersigned finds the amount of Plaintiff's settlement of FLSA claims ($6,144.00) to be fair and reasonable.

### B. General Release.

The Agreement contains a general release of any and all claims Plaintiff may have against the Defendant. Doc. No. 27-1 at ¶ 6. The Agreement further provides that Plaintiff agrees to accept $100.00 as "separate consideration for the general release. . . ." Doc. No. 27-1 at 2. In addition, the Agreement states that "Plaintiff agrees that aside from his wage claims against the Defendant, he does not have any other viable claims against the Defendant. . . ." Doc. No. 27-1 at 3 ¶ 5. Thus, Plaintiff is not aware of any claims against the Defendant that he is giving up as a result of the general release, and Plaintiff has received separate consideration in the amount of $100.00 for the general release. *Id*. at 2-3. The undersigned finds that Plaintiff has provided an explanation for the general release and the separate consideration Plaintiff is receiving under the

Agreement is sufficient for the Court to conclude that the general release does not negatively affect the reasonableness of the Agreement. *See, e.g.*, *Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37-TBS, 2014 WL 6389756, at *2 (M.D. Fla. Nov. 14, 2014) (approving $100 in additional consideration of general release); *Middleton v. Sonic Brands L.L.C.*, No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100.00 as separate consideration for a general release).

### C. Non-Disparagement and Confidentiality Clauses.

The Agreement contains confidentiality and non-disparagement clauses, which preclude Plaintiff from discussing the existence, terms, and payments made under the Agreement to anyone other than to members of Plaintiff's immediate family, his accountant or attorney, the Internal Revenue Service, as otherwise required by law, or in any action to enforce the terms of the Agreement. Doc. No. 27-1 at ¶ 8(a). In addition, Plaintiff is precluded from disparaging or assisting others, including being a witness, in any action against the Defendant. Doc. No. 27-1 at ¶ 8(b). If Plaintiff breaches the confidentiality or non-disparagement terms of the Agreement, Defendant is entitled to liquidated damages in an amount equal to payments made to Plaintiff under the Agreement. Doc. No. 27-1 at ¶ 8(d).

Courts within this circuit routinely reject such confidentiality and non-disparagement clauses contained in FLSA settlement agreements because they "thwart Congress's intent to ensure widespread compliance with the FLSA." *Pariente v. CLC Resorts and Developments, Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5 (M.D. Fla. Oct. 24, 2014) (internal quotations omitted and citing authorities); *see also Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (non-disparagement clauses are generally rejected in FLSA settlement agreements and citing authority). Additionally, such

provisions have been rejected because they are inherently unenforceable due to the public filing of the settlement agreements containing the confidentiality and non-disparagement clauses. *See Housen v. Econosweep & Maintenance Services, Inc.*, No. 3:12-cv-461-J-34TEM, 2013 WL 2455958, at *2 (M.D. Fla. Jun. 6, 2013) (confidentiality clauses are unenforceable when the settlement agreement is filed on the public docket and citing authority). While such provisions have been approved when the Plaintiff receives separate consideration, the undersigned finds that the liquidated damages provisions of the confidentiality and non-disparagement clauses in this case would unduly twart Congress's intent to ensure widespread compliance with the FLSA. *See Smith v. Aramark Corp.*, Case No. 6:14-cv-409-Orl-22KRS, 2014 WL 5690488, at *3-4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement providing separate consideration for a confidentiality and non-disparagement clause); *Caamal v. Shelter Mortg. Co., LLC*, Case No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing $500.00 as separate consideration for a general release, non-disparagement clause, and waiver of future employment with defendant).

The Agreement also contains a severability clause, providing:

> The provisions of this Agreement are severable, and if any party of it is found to be unenforceable, the other paragraphs shall remain fully valid and enforceable, except that should Paragraph 6, [the general release], be rendered unenforceable or invalid, in whole or in part, Defendant, at its sole discretion, shall have no obligation to provide any payment under [the Agreement], and Plaintiff shall immediately refund to Defendant all payments to Plaintiff and his counsel. . . .

Doc. No. 27-1 at ¶ 14. Thus, pursuant to the severability clause, the Court may strike the non-disparagement and confidentiality clauses from the Agreement. *See Pariente*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5-6 (M.D. Fla. Oct. 24, 2014) (striking confidentiality clause pursuant to severability clause). Accordingly, it is recommended that the Court strike the non-

disparagement and confidentiality clauses from the Agreement.

### D. Attorneys' Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive $1,356.00 in attorneys' fees and costs. Doc. No. 27-1 at 2. In the Motion, the parties state that the amount of attorneys' fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. Doc. No. 27 at 4. In *Bonetti v. Embarq Management Co.*, Case No. 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009), the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) <u>represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel</u>.

*Bonetti*, 2009 WL 2371407, at * 5 (emphasis added). Judge Presnell maintained that if the matter of attorney's fees "[is] addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

In this case, the Agreement constitutes a compromise of Plaintiff's claims, the Motion states a reasonable basis for that compromise, and the parties represent that Plaintiff's claims were resolved separately and without regard to the amount paid to Plaintiff. *See supra* pp. 5-6, 8-9. Given the record in this case, there is no reason to believe the Plaintiff's recovery is adversely affected by the amount of fees and cost to be paid to Plaintiff's counsel. Accordingly, it is recommended that the Court find the amount of attorneys' fees and costs payable under the

Agreement to be fair and reasonable.

### IV.    CONCLUSION.

Based on the foregoing, it is hereby **RECOMMENDED** that the Court enter an order **GRANTING in part and DENYING in part** the Motion (Doc. No. 27) as follows:

1. The Court should **STRIKE** the confidentiality and non-disparagement clauses, Doc. No. 27-1 at ¶ 8(a)-(d) from the Agreement;

2. The Motion (Doc. No. 27) should be **GRANTED** to the extent that the Court finds the Agreement (Doc. No. 27-1), with the modifications set forth above, to be a fair and reasonable compromise of Plaintiff's FLSA claims;

3. The Motion should be otherwise **DENIED**; and

4. The Court should **DISMISS the case with prejudice**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.  **In order to expedite the final disposition of this matter, if the parties have no objection to this report and recommendation, they may promptly file a joint notice of no objection**.

**RECOMMENDED** in Orlando, Florida on March 28, 2016.

*[Signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

- 11 -

Counsel of Record
Unrepresented Parties

- 11 -